UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRIA JIMERSON o/b/o<br>JUSTIN R. DeBOSE, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 4:11CV1120 TCM |
| EDDIE WARTTS, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

On June 21, 2011, Ms. Andria Jimerson[1] filed the instant action, pro se, seeking to represent her disabled son[2] in a proceeding alleging discrimination and retaliation under the Fair Housing Act. Because Ms. Jimerson may not bring this action on behalf of her son, pro se, the Court will dismiss this action without prejudice.

Although the United States Court of Appeals for the Eighth Circuit has not directly addressed the question, this Court is persuaded by the reasoning in numerous other circuits that have held that a non-attorney parent must be represented by counsel when bringing an action on behalf of a child. *See, e.g., Cheung v. Youth Orchestra*

---

[1]Ms. Jimerson seeks to be appointed next friend of Mr. DeBose and she has signed the complaint, presumably on Mr. DeBose's behalf.

[2]It does not appear that Ms. Jimerson's son, Justin DeBose, is a minor child. And although Ms. Jimerson has indicated that Mr. DeBose is disabled in some respect, she has not indicated whether he is competent to represent himself in this action.

*Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)(non-attorney parent must be represented by counsel when bringing action on behalf of child); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(minor child cannot bring § 1983 suit through parent acting as next friend if parent is not represented by counsel); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(person not licensed to practice law may not represent another individual in federal court); *cf. Jones ex rel. Jones v. Correctional Medical Services*, 401 F.3d 950 (8th Cir. 2005)(non-lawyer administrator of probate estate with multiple beneficiaries may not engage in the practice of law on behalf of others). As plaintiff is not represented by counsel, the Court must deny Ms. Jimerson's motion for appointment of next friend and dismiss the instant action.

The Court advises plaintiff that the dismissal of the instant action is without prejudice. Thus, to the extent Mr. DeBose is competent to do so and of legal age, he may refile the instant action pro se. If Mr. DeBose is somehow incapacitated or is, in fact, a minor child, he must have someone seek to proceed as his next friend and also have an attorney file the action on his behalf.

Accordingly,

**IT IS HEREBY ORDERED** that Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that Ms. Jimerson's motion to proceed pro se, on behalf of Mr. DeBose, [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that Ms. Jimerson's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of June, 2011.

                          HENRY EDWARD AUTREY
                        UNITED STATES DISTRICT JUDGE